# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SYMA SHERRATT,

    Plaintiff

v.

SANOFI US SERVICES INC. F/K/A SANOFI-AVENTIS U.S. INC. and SANOFI-AVENTIS U.S. LLC,

    Defendants

Case No.: 3:23-cv-00580-MMD-CSD

**Order**

    This case is one of thousands of lawsuits placed in Multidistrict Litigation (MDL) in the United States District Court for the Eastern District of Louisiana, and one of over 600 cases remanded by the MDL court to various district courts across the country.

    The court held a status hearing on January 4, 2024, and provided deadlines for discovery, expert witnesses, dispositive motions, and the filing of the joint pretrial order. The parties disagreed over whether or not Plaintiff (Sherratt) is entitled to conduct punitive damages discovery. Due to the lengthy history of the MDL, the court ordered the parties to file simultaneous briefs addressing the punitive damages issue on or before February 20, 2024. Defendants (Sanofi) filed their brief opposing Sherratt's request to conduct punitive damages discovery (ECF No. 26); however, Sherratt failed to file a brief setting forth her position on this issue.

    For the reasons set forth below, Sherratt's request to conduct punitive damages discovery in this action is denied.

///

## I. DISCUSSION

On October 4, 2016, the Judicial Panel on Multidistrict Litigation (JPML) created In re: Taxotere (docetaxel) Products Liability Litigation, MDL 2740, in the United States District Court for the Eastern District of Louisiana, to coordinate pretrial discovery among thousands of individually filed product liability actions against manufacturers, including Sanofi, of the chemotherapy drug docetaxel (Taxotere). Sherratt filed her case on November 27, 2017. (ECF No. 1.)

The MDL court allowed the Plaintiffs' Steering Committee (PSC) to conduct extensive general merits discovery against Sanofi for the benefit of all MDL plaintiffs on all issues asserted in the Second Amended MDL Master Complaint. This included punitive damages, regardless of whether the applicable law in a given plaintiff's case would permit the presentation of such evidence at trial. (*See* Second Am. Master Compl., ECF No. 6-4 at 342, 407 ¶ 320 (asserting a request for punitive damages on behalf of all MDL plaintiffs); Case Management Order No. 5 (CMO) at ECF No. 6-3 at 5 ("All general discovery propounded to the Sanofi Defendants by Plaintiffs in this MDL … shall be undertaken by, or under the direction of, the [PSC] on behalf of all Plaintiffs with cases in these MDL proceedings. Any discovery not limited to a specific Plaintiff shall be assigned by the PSC."). The MDL court ordered Sanofi to "produce (non-case specific) documents and information to the PSC for use of Plaintiffs in these MDL proceedings." ECF No. 6-3 at 7.

According to Sanofi, the general merits discovery against it remained open for 16 months in the MDL and included: "(1) the production of more than 576,100 documents (or 6,320,000 pages) from 43 separate custodians, (2) depositions of 28 current and former Sanofi employees (including Sanofi's 30(b)(6) witnesses), and (3) responses to more than 160 written discovery

requests." (*See* ECF No. 7 at 80-81.) Sanofi produced evidence from the 1990s through 2018. (*See* CMO No. 5, ECF No. 6-3 at 6.) Sanofi reports the discovery effort focused on what Sanofi knew or should have known about the alleged injury in this litigation "across different functional areas within the company, including pharmacovigilance, medical, safety, regulatory, labeling, marketing and sales, among others."

Preliminarily, denial of Plaintiff's request is appropriate under Local Rule 7-2, which provides that the failure to file points and authorities in support of a motion constitutes consent to denial of the motion.

Next, general merits discovery against Sanofi (which included punitive damages discovery) closed on December 15, 2018. (ECF No. 7 at 80.) Any remaining discovery was to be "case specific," which was described as the collection of records and depositions of the plaintiffs and plaintiff's health care providers, spouse, friends, family, and case-specific expert discovery. (ECF No. 7 at 116-117.) The MDL transfer order did not indicate that it contemplated additional general merits or punitive damages discovery. The MDL court's rulings on this issue constitute the "law of the case." *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (citing *Arizona v. California*, 460 U.S. 605, 618, n. 8 (1983)).

Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona*, 460 U.S. at 618. In other words, a court will generally not reconsider an issue "that has already been decided by the same court, or a higher court in the identical case." *U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997) (citation and quotation marks omitted). Although the court has discretion to reconsider previous rulings, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a

manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618, n. 8). "The policies of judicial economy and finality warrant the application of the law of the case doctrine to MDL cases." *Parks v. Ethicon, Inc.*, No. 20cv0989-TWR (RBB), 2020 WL 6784543, at *5 (S.D. Cal. Nov. 18, 2020) (citing *Allen v. Am. Capital Ltd.*, 287 F.Supp.3d 763, 776 (D. Ariz. 2017). "The whole purpose of MDL would be defeated if the trial judge after remand were to revisit the rulings of the MDL judge." *Id.* (quoting *White v. Novartis Pharm. Corp.*, No. CIV 2:06-665 WBS GGH, 2010 WL 3448589, at *2 (E.D. Cal. Sept. 1, 2010)).

Here, extraordinary circumstances do not exist so as to justify this court's reconsideration of the MDL's rulings on general merits discovery. At the status conference, Sherratt's counsel represented that one judge in the Eastern District of Pennsylvania allowed punitive damages discovery in the MDL. (ECF No. 24 at 13.) The court was also informed this was the only district court to do allow punitive damages discovery to be *propounded* out of the more than 600 remanded cases pending in various district courts. According to Sanofi, no other district court has actually compelled Sanofi to *produce* such discovery.

Moreover, Sherratt did not comply with the court's order to file a brief supporting its position that punitive damages discovery should be allowed. Therefore, Sherratt has not demonstrated any reason for allowing punitive damages discovery, let alone extraordinary circumstances.

In the absence of extraordinary circumstances, the court is persuaded by Sanofi's argument that no punitive damages discovery should be allowed since general merits discovery in the MDL was extensive and closed more than five years ago.

///

///

4

## II. CONCLUSION

Sherratt's request to conduct punitive damages discovery in this action is **DENIED**.

**IT IS SO ORDERED**.

Dated: February 28, 2024

_____
Craig S. Denney
United States Magistrate Judge

5